Carl Durham (SBN 171706)
Law Offices of Carl M. Durham, Jr.
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
(650) 249-6733
Fax (650) 587-9020
carl@carldurham.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O2MICRO, INC., a California Corporation<br>O2MICRO INTERNATIONAL LTD., a Cayman Islands Corporation<br><br>          Plaintiff<br><br>v.<br><br>LI, YUNFENG; CAO, LIBING; LEGENDSEC INFORMATION TECHNOLOGY (BEIJING) CO., LTD, and DOES 1-20<br><br>          Defendants | Case No.: 14-4478<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT; VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT; VIOLATION OF ELECTRONIC COMMUNICATIONS PRIVACY ACT; VIOLATION OF THE CALIFORNIA COMPUTER FRAUD AND ABUSE ACT; MISAPPROPRIATION OF TRADE SECRETS; BREACH OF CONTRACT; CONVERSION; TRESPASS; INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE; COMMON LAW AND STATUTORY UNFAIR COMPETITION; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; CIVIL CONSPIRACY; AND DEMAND FOR JURY TRIAL |

Plaintiffs, O2Micro International Ltd. ("O2Micro"), and O2Micro, Inc. ("O2Micro US, and collectively referred to as "Plaintiffs") hereby complain of Yunfeng Li ("Li"), Libing Cao ("Cao") and Legendsec Information Technology (Beijing) Co., Ltd ("Legendsec") (collectively referred to as "Defendants"), and allege as follows:

## INTRODUCTION

1. By this Complaint, Plaintiffs seek statutory damages, actual damages, compensatory damages, trebel damages, punitive damages and exemplary damages, including Plaintiffs' attorneys fees and costs, pursuant to the Copyright Act, 17 U.S.C. § 501, *et seq.*; the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; Title II of the Electronic Communications Privacy Act, 18 U.S.C. § 2701, *et seq.*; the California Comprehensive Computer Data Access and Fraud Act, Calif. Penal Code § 502; violation of California Business and Professions Code § 17200, *et seq.*; unfair competition, breach of contract, trespass, misappropriation of confidential business information and/or trade secrets pursuant to Cal. Civ. Code § 3426, *et seq.*; conversion; interference with prospective business advantage; breach of implied covenant of good faith and fair dealing; conspiracy; and breach of confidence.

2. Plaintiffs own copyrights to the source code in included in its security products, especially those sold in products bearing the O2Micro and O2Security name. Plaintiffs' proprietary products were sold in interstate commerce for over 10 years, and contain Plaintiffs' proprietary information, including patented processes, copyright materials, trademarks, and trade secret information.

3. As described more fully below, Defendants engaged in several patterns of abuse on Plaintiffs' intellectual property rights, as well as engaged in unlawful business practices against Plaintiffs. Defendants' actions have irreparably injured and will continue to irreparably injure Plaintiffs.

## JURISDICTION

4. Pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Court has subject matter jurisdiction over Plaintiffs' claims for copyright infringement, brought under the Copyright Act, 17 U.S.C. § 501 *et seq.*; for violations of the Computer Fraud and Abuse Act, 18 U.S.C. §1030, and Title II of the Electronic Communications Privacy Act, 18 U.S.C. §2701 *et seq.*

5. The Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367. These claims derive from a common nucleus of operative facts and are so related that they form part of the same controversy.

6. Furthermore, this Court has personal jurisdiction over Defendants because a) Plaintiffs' servers are located in Santa Clara, California, b) Defendants purposefully directed their activities toward the State of California, including seeking out source code and other materials and data stored and located at

Plaintiffs' facilities in Santa Clara, California, and c) Defendants regularly and purposefully accessed Plaintiffs' servers located in California.

**VENUE**

7. Venue is proper in this Court pursuant to, *inter alia,* 28 U.S.C. § 1400(a).

**INTRADISTRICT ASSIGNMENT**

8. Assignment to the San Jose Division is appropriate pursuant to Civil Local Rule 3-2(c) and 3-2(e) because a substantial part of the events that give rise to Plaintiffs' claims occurred in Santa Clara County, California, where O2Micro US is headquartered, and where O2Micro maintains its global servers.

**PARTIES**

9. Plaintiff O2Micro was founded in 1997 and is a corporation incorporated under the laws of the Cayman Islands, with offices located at The Grand Pavilion, West Bay Road, George Town, Grand Cayman, Cayman Islands.

10. Plaintiff O2Micro US was founded in 1995 and is a corporation incorporated under the laws of California, and maintains its offices and servers at 3118 Patrick Henry Drive, Santa Clara, California. O2Micro US is a wholly owned subsidiary of O2Micro International Ltd.

11. Upon information and belief, defendant Legendsec is a corporation incorporated under the laws of the People's Republic of China, having its principal place of business at 1st Floor, 2nd Section, Xianfeng Building, No.7, SHANGDI Information Technology Industry Base, Kaikuo Road, Haidian District, 100085 Beijing, China, and is a provider of high-tech information security products and services.

12. Upon information and belief, defendant Li is an individual residing in the People's Republic of China.

13. Upon information and belief, defendant Cao is an individual residing in the People's Republic of China.

**STATEMENT OF FACTS**

O2Micro, Inc. and O2Security Inc.

14. In 2008, O2Micro created a wholly owned subsidiary called O2Security Inc. ("O2Security") and licensed O2Micro's intellectual property related to network security to O2Security.

15. O2Security was incorporated in California, and was engaged in the development, sales and operation of O2Micro's network security products.

16. In particular, the source code entitled Succendo SSL VPN was owned by O2Micro and licensed to O2Security ("Source Code").

17. In November 2010, O2Micro commenced dissolving O2Security, and all intellectual property used and created by O2Security was reverted to O2Micro.

18. At no time did O2Micro or O2Security license, grant, sell, gift or otherwise approve of the use the Source Code to any of the Defendants.

19. At all times mentioned herein, the Source Code created and used by O2Security was stored on O2Micro's servers located in Santa Clara, California.

Employment at O2Security and O2Micro.

20. Li was employed by O2Security and O2Micro, through Plaintiffs' Chengdu affiliate, from July of 2004 to January of 2011.

21. Li held the position of Senior Business Manager for O2Micro's VPN group, and he held a similar title for O2Security.

22. After Plaintiffs dissolved O2Security, O2Micro hired Li as a contractor to assist former O2Security customers with transitional matters after closing O2Security, including O2Security products using the Source Code.

23. While working as an employee and as a contractor, Li had full access to the Source Code and other privileged and confidential information ("Confidential Information.") Li also had authority to access the Source Code.

24. At no point was the Source Code or the Confidential Information which is the subject matter of this Complaint ever classified as non-confidential.

25. Access to the Confidential Information and Source Code was limited to only a few of Plaintiffs' and O2Security employees. It was not made available to all of Plaintiffs' employees.

26. Cao was employed by O2Security and Plaintiffs, through O2Micro's Chengdu affiliate, from October of 2006 to December of 2013, and he worked as an independent contractor since January 2014.

27. Cao was employed by Plaintiffs and O2Security as a driver, and performed other tasks as necessary.

28. While employed by Plaintiffs, Cao was under a confidentiality agreement and had access to a limited amount of Confidential Information, but he was not authorized to receive or view the Source Code.

Legendsec use of the Source Code and Results of Computer Forensic Investigation

29. After leaving Plaintiffs' employment, defendant Li went to work for defendant Legendsec.

30. Plaintiffs received information that Legendsec was using the Source Code in its product, in particular, Legendsec's secure access gateway systems entitled SEC SSL 3600 ("Product").

31. Upon information and belief, Li sold the Source Code, Confidential Information, and other trade secret information to Legendsec for personal gain and profit, including inducing Legendsec to hire him after he left Plaintiffs' services.

32. O2Micro purchased two units of the Product manufactured and sold by Legendsec and reviewed the firmware and source code within the Product.

33. After reviewing the source code, software and the firmware in the Product, Plaintiffs discovered many lines of code in the software were identical to the Source Code, including Legendsec's use of Plaintiffs' trade names in code lines imbedded in Legendsec's software programs.

34. Plaintiffs and O2Security never licensed or authorized Legendsec to use the Source Code.

35. Upon information and belief, O2Micro discovered that Li and/or Cao had actually sold or otherwise gave the Source Code to Legendsec in exchange for consideration given to Li and/or Cao by Legendsec.

36. At no point did Plaintiffs or O2Security authorize Li or Cao to license or sell the Source Code to any third party, even after closing O2Security.

37. Of the two units of the Product acquired by Plaintiffs, one unit is kept in Santa Clara, California ("Unit 1), and another unit was kept in Chengdu, China ("Unit 2").

38. Upon further investigation, Plaintiffs discovered that Li and/or Cao had sold or otherwise collaborated with Legendsec to insert the Source Code into the Product without Plaintiffs' consent, and without any payment given to Plaintiffs' for the use thereof.

<u>Cao and Li Trespass</u>

39. When Li discovered that Plaintiffs had discovered that the Source Code was wrongfully implemented in the Product, and that Plaintiffs acquired the Product as evidence against Li's and/or Cao's actions, Li instructed Cao to steal the Products from O2Micro's Chengdu offices. Li also ordered Cao to destroy any evidence of copyright infringement, trade secret theft, or any other misdeeds Li and Cao committed against O2Micro.

40. Li and Cao believed that Unit 2 was the only Product O2Micro had purchased from Legendsec, and they were not aware that O2Micro had Unit 1 stored securely in its offices in Santa Clara, California.

41. On July 10, 2014, at approximately 8:00 pm local time, Cao unlawfully entered Plaintiffs' Chengdu office and took Unit 2 from Plaintiffs' office with the intent to take all of Plaintiffs' trade secret and Confidential Information from Unit 2 (including, without limitation, all the evidence and documentation necessary to support Plaintiffs' position in this case).

42. Shortly thereafter, when confronted with his actions on July 10, 2014, Cao denied taking Unit 2. When shown photographic evidence of Cao taking Unit 2, Cao changed his story and said he was merely taking Unit 2 to be repaired (though no one working for Plaintiffs had reported Unit 2 as broken, nor had anyone from Plaintiffs authorized the taking of said machine from the premises.)

43. Within 30 days of being confronted by Plaintiffs, Cao returned Unit 2 to O2Micro.

44. Upon comparing Unit 2 to Unit 1, Cao and Li had erased O2Micro's Confidential Information and trade secret data from Unit 2, in addition to deleting the Source Code which infringed on Plaintiffs' copyrights, and all other evidence thereof.

45. Fortunately, Plaintiffs have their evidence backed up in Unit 1, which is securely stored in its offices in Santa Clara, California.

**FIRST CAUSE OF ACTION**
**(Copyright infringement)**

46. O2Micro hereby repeats and incorporates by reference the allegations set forth in paragraphs 1 through 45 above.

47. Notwithstanding the provision of the Copyright Act that the use and reproduction of copyrighted works may lawfully be made only by the copyright owner or with its authorization, Defendants have willfully, and without Plaintiffs' permission or authorization, infringed on Plaintiffs' copyrights by engaging in systematic, regular and repeated use of the Source Code in Legendsec's Products.

48. Plaintiffs have been irreparably harmed by defendant Li's and Legendsec's unauthorized reproduction of Plaintiffs' copyrighted works.

49. In light of the foregoing, Plaintiffs are entitled to the remedies provided for in 17 U.S.C. §§ 502, *et seq.*

**SECOND CAUSE OF ACTION**
**(Violation of the Computer Fraud and Abuse Act by Defendants Li and Cao)**

50. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 49 above.

51. Defendants Li and Cao have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by intentionally accessing a computer used for interstate commerce or communication, without authorization and by exceeding authorized access to such a computer and by obtaining information from such a protected computer, and causing significant damage by doing so.

52. Defendants Li and Cao have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by knowingly, and with intent to defraud Plaintiffs, accessing a protected computer, without authorization or by exceeding authorized access to such a computer and, by means of such conduct, further their intended fraud and obtained on or more things of value, including, without limitation, Plaintiffs' documentation and evidence of copyright infringement by Legendsec and Li.

53. Defendants Li and Cao have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, by intentionally accessing a protected computer fraud beyond the scope of the authorization granted, causing damage to Plaintiffs, recklessly or without due regard for their actions.

54. The computer system or systems that Defendants Li and Cao access as described above constitute a "protected computer" in Santa Clara, California within the meaning of 18 U.S.C. § 1030.

55. Plaintiffs have suffered damage and loss by reason of these violations and is entitled to damages, injunctive or other equitable relief as provided by 18 U.S.C. § 1030(g).

### THIRD CAUSE OF ACTION
### (Violation of the Electronic Communications Privacy Act)

56. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 55 above.

57. Defendants Li and Cao have violated Title II of the Electronic Communications Privacy act, 18 U.S.C. §§ 2707, *et seq.*, by (a) intentionally accessing, without authorization, or by intentionally exceeding an authorization to access, the pass code protected areas of Unit 2; (b) obtaining access to electronic communications while such communications were in storage in O2Micro US' facilities and network servers; (c) disclosing such communications of third parties not authorized to receive them; and (d) conspiring, encouraging, aiding, abetting and participating in efforts to do so.

58. Plaintiffs have been irreparably damaged by defendants Li and Cao's violations of Title II of the Electronic Communications Privacy act, 18 U.S.C. §§ 2707, *et seq*.

### FOURTH CAUSE OF ACTION
### (Violation of Computer Data Access and Fraud Act)

59. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 58 above.

60. Defendants Li and Cao have violated California Penal Code § 502(c)(2) by knowingly and fraudulently accessing, without permission, and taking, copying and making use of data from a computer, computer system, or computer network.

61. Defendants Li and Cao have violated California Penal Code § 502(c)(3) by knowingly and fraudulently accessing, without permission, and using Plaintiffs' computer services located in Santa Clara, California.

62. Defendants Li and Cao have violated California Penal Code § 502(c)(6) by knowingly and fraudulently accessing, and without permission, and providing or assisting in providing a means of accessing Plaintiffs' computers, computer system and/or computer network.

63. Defendants Li and Cao have violated California Penal Code § 502(c)(7) by knowingly and fraudulently accessing, and without permission, a computer, computer system or computer network located in Santa Clara, California.

64. Plaintiffs have been injured by these violations of the California Comprehensive Computer Data Access and Fraud Act and are entitled to damages and attorneys' fees pursuant to California Penal Code § 502(e).

### FIFTH CAUSE OF ACTION
### (Misappropriation of Trade Secrets)

65. O2Micro hereby repeats and incorporates by reference the allegations set forth in paragraphs 1 through 64 above.

66. This is a cause of action for Misappropriation of Trade Secrets under the Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.*, based upon defendants Li and Cao's wrongful and improper use and disclosure of Plaintiffs' confidential business information, including, without limitation, O2Micro's investigation of Defendants' use of the Source Code, and internal comments thereon intended for Plaintiffs' legal and technical experts.

67. Plaintiffs' confidential business information are trade secrets because they derive independent economic values from not being generally known to the public or other persons who can obtain economic value from its disclosure or use.

68. Defendants Li and Cao gained access to O2Micro's confidential information in the course of an employment and/or independent contractor relationship with Plaintiffs, and were under a contractual obligation to maintain the secrecy of the confidential information obtained during their contractual relationship.

69. Plaintiffs took reasonable precautions under the circumstances to protect its trade secrets, and all parties with access to the information were subject to obligations to maintain its secrecy.

70. Plaintiffs are informed and believe, and thereon allege, that defendants Li and Cao have and continue to use and disclose the trade secrets to third parties without Plaintiffs' consent or permission, in an attempt to benefit themselves.

71. Plaintiffs are informed and believe, and thereon allege, that defendants Li and Cao have disclosed O2Micro's trade secrets to third parties maliciously, willfully, and with conscious disregard of the rights of Plaintiffs.

72. As a direct and proximate result of defendants' Li and Cao's willful, improper and unlawful use and disclosure of Plaintiffs' trade secrets, Plaintiffs have suffered, and will continue to suffer, great harm and damages. Plaintiffs will continue to be irreparably harmed and damaged unless defendants Li and Cao are enjoined from further use and disclosure of Plaintiffs' trade secret information.

73. The aforementioned acts of defendants Li and Cao, in wrongfully misappropriating Plaintiffs' trade secrets, were, and continue to be, willful and malicious, warranting an award of exemplary damages, as provided by Civ. Code § 3426.3(c), and an award of reasonable attorneys fees as provided by Civ. Code § 3426.4.

### SIXTH CAUSE OF ACTION
### (Breach of Contract)

74. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 73 above.

75. Upon being hired by Plaintiff, defendants Li and Cao signed employment and confidentiality agreements, which were in effect up to and including the time of the events described above ("Employment Agreements").

76. Within the Employment Agreements were obligations that defendants Li and Cao had Plaintiffs to use Plaintiffs' confidential and proprietary information only for Plaintiffs' benefit, including the Source Code, and to refrain from allowing any confidential or proprietary information to become publicly known.

77. The foregoing covenants in the Employment Agreements were intended and necessary to protect Plaintiffs' legitimate business interest in its goodwill, business advantages and Plaintiffs' confidential information.

78. The Employment Agreements are valid and enforceable contracts between Plaintiffs and defendants Li and Cao.

79. Plaintiffs have fully performed their respective obligations under the Employment Agreements.

80. Upon information and belief, defendants Li and Cao breached their respective Employment Agreements by using Plaintiffs' confidential and proprietary information for their own benefit by taking and disclosing Plaintiffs' confidential information, including the Source Code, for their own benefit, and by hindering Plaintiffs' use thereof.

81. Defendants Li and Cao have derived, received, and will continue to derive and receive from the aforementioned breach of contract, gains, profits and advantages, many of which are not presently known to Plaintiffs.

82. Plaintiffs are therefore entitled to injunctive relief or specific performance, as well as damages provided by law as a result of defendants Li and Cao's breach.

### SEVENTH CAUSE OF ACTION
### (Conversion)

83. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 82 above.

84. Plaintiffs have a right to possess its non-trade secret proprietary information, including the data on Unit 2 and the Source Code as described herein.

85. Defendants have willfully interfered with Plaintiffs' ownership and possessory rights to such property, without lawful jurisdiction, with every intention of exercising those rights as though they were theirs. Defendants intent to exercise dominion or control over the property is incompatible with, and invasive of, Plaintiffs' rights and has deprived Plaintiffs of their ability to exclusively use and possess said property.

86. Plaintiffs have been damaged as a result of Defendants' actions.

87. Plaintiffs are entitled to damages, the nature and extent of such will be proven at trial.

88. The aforementioned acts of Defendants were and continue to be willful, oppressive, fraudulent, and malicious, warranting an award of punitive damages, in addition to actual damages suffered by Plaintiffs.

**EIGHTH CAUSE OF ACTION**
**(Trespass to Property)**

89. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 88 above.

90. Plaintiffs maintain a wholly owned office in Chengdu, China, which is maintained in a secure area, requiring necessary security protocols to access such, including alarms and surveillance cameras.

91. Defendant Cao, without permission from O2Micro, willfully and maliciously entered Plaintiffs' Chengdu offices without permission at around 8:00 pm local time in July 10, 2014, with the intent to steal property belonging to Plaintiffs.

92. Defendant Cao's actions have caused Plaintiffs irreparable damages.

**NINTH CAUSE OF ACTION**
**(Trespass to Chattels)**

93. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 92 above.

94. Plaintiffs have ownership and a right to possess its non-trade secret proprietary information described herein, including, without limitation, Unit 2.

95. Defendants Li and Cao, without permission from Plaintiffs, willfully and maliciously interfered with Plaintiffs' ownership and/or possessory rights to Unit 2, and the information therein and function thereof, without lawful justification, and with every intention of exercising those rights as though they were theirs.

96. Defendants Li and Cao intent to exercise dominion or control of Plaintiffs' non-trade secret proprietary information is incompatible with, and invasive of, Plaintiffs' rights and has deprived Plaintiffs of their ability to exclusively use and possess its non-trade secret proprietary information.

97. Defendant Li and Cao's actions have cause injury to Plaintiffs and their rights to use their property.

98. Plaintiffs are entitled to damage, the nature and extent of which will be proved at trial.

99. The aforementioned acts of defendants Li and Cao were and continue to be willful, oppressive, fraudulent and malicious, warranting an award of punitive damages in addition to actual damages suffered by Plaintiffs.

**TENTH CAUSE OF ACTION**
**(Interference with Prospective Business Advantage)**

100. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 99 above.

101. Plaintiffs enjoyed an economic advantage over its competitors by developing its own proprietary network security software applications (including the Source Code).

102. Defendants were aware of Plaintiffs' unique advantages in the global marketplace, yet they continue to wrongfully use Plaintiffs' non-trade secret proprietary information, including the Source Code.

103. Defendants have and continue to intentionally disrupt Plaintiffs' ability to market, license and exclusively use the Source Code by distributing such to other companies and customers with no compensation to Plaintiffs.

104. The aforementioned acts of Defendants were, and continue to be, willful, oppressive, fraudulent and malicious, warranting an award of punitive damages, in addition to actual damages suffered by Plaintiffs.

105. Defendants' acts hereunder have resulted in a loss of beneficial economic relationships, licensing revenue, and actual profits to Plaintiffs.  Monetary damages would provide an insufficient remedy under this cause of action.  Plaintiffs have no plain, speedy or adequate remedy at law, and Plaintiffs are entitled to injunctive relief.

**ELEVENTH CAUSE OF ACTION**
**(Unfair Competition)**

106. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 105 above.

107. This is a cause of action for Unfair Competition under California common law.

108. The acts of Defendants, as alleged herein, constitute unlawful, unfair and fraudulent business practices in violation of the California law of Unfair Competition.

109. Plaintiffs are informed and believe, and thereon allege, that the Defendants have willfully and in conscious disregard for Plaintiffs' rights and its business, committed unfair and unlawful business practices, including, but not limited to, stealing Plaintiffs' non-trade secret proprietary information (including the Source Code), using for Defendants individual and collective purposes, and adversely to the interest of Plaintiffs and their business operations, Plaintiffs' non-trade secret propriety information, and interfering with Plaintiffs' business.

110. The aforementioned acts of the Defendants were and continue to be willful, oppressive, fraudulent, and malicious, warranting an award of punitive damages in addition to the actual damages suffered by Plaintiffs.

111. As a direct and proximate result of defendants' willful, improper and unlawful conduct, Plaintiffs have suffered, and will continue to suffer, great harm and damages.  Plaintiffs will continue to be irreparably damaged unless defendants are enjoined from further committing unfair and unlawful business practices against Plaintiffs and Plaintiffs' business.

## TWELFTH CAUSE OF ACTION
### (Violation of Cal. Bus. & Prof. Code §17200, et seq.)

112. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 110 above.

113. The acts of Defendants as alleged herein, including, but not limited to, stealing Plaintiffs'' non-trade secret proprietary information (including the Source Code), using such for Defendants individual and collective purposes, and adversely to the interest of Plaintiffs and their business operations, and interfering with Plaintiffs' business, constituting unlawful, unfair and fraudulent business practices in violation of California Bus. & Prof. Code § 17200, et seq.

114. As a direct and proximate result of Defendants' willful, improper and unlawful conduct, Plaintiffs' have suffered, and will continue to suffer, great harm and damages.  Plaintiffs will continue to

be irreparably damaged unless defendants are enjoined from further committing unfair and unlawful business practices against Plaintiffs and Plaintiffs' business.

### THIRTEENTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

115. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 114 above.

116. Defendants Li and Cao, through their actions set forth above, including but not limited to, their data and computer theft, wrongful retention of Plaintiff's data, conspiring to assist a prospective customer and/or competing business while working for Plaintiffs, their acts of conversion, and selling and/or wrongfully licensing the Source Code for their own personal financial gain, have breached the implied covenant of good faith and fair dealing that is implied into their agreements with Plaintiffs, and, as a result of such, Plaintiffs have been, and will continue to be, significantly harmed.

117. Defendants Li and Cao are liable to Plaintiffs for all damages Plaintiffs have suffered as a result of their breach of this implied covenant of good faith and dealing.

118. The aforementioned acts of defendants Li and Cao were, and continue to be, willful, oppressive, fraudulent and malicious, warranting an award of punitive damages in addition to the actual damages suffered by Plaintiffs.

### FOURTEENTH CAUSE OF ACTION
### (Civil Conspiracy)

119. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 118 above.

120. Defendants, by engaging in the foregoing conduct, including, but not limited to, i) their secret plan to steal Plaintiffs' data and computers; ii) conspiring to use Plaintiffs' confidential information while Li and Cao were still employed by or affiliated with Plaintiffs; iii) Legendsec rewarding Li and/or Cao for providing such ill-gotten information; and iv) doing so with full knowledge of each other's actions.  The Defendants, in short, entered into an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

121. The actions of the Defendants have resulted in actual damages to Plaintiffs in an amount to be determined at trial.

122. The aforementioned acts of the Defendants were, and continue to be, willful, oppressive, fraudulent and malicious, warranting an award of punitive damages in addition to the actual damages suffered by Plaintiffs.

**FIFTEENTH CAUSE OF ACTION**
**(Breach of Confidence)**

123. Plaintiffs hereby repeat and incorporate by reference the allegations set forth in paragraphs 1 through 122 above.

124. This is a cause of action for Breach of Confidence under California common law.

125. When Plaintiffs disclosed their non-trade secret proprietary information to Li and Cao, they did so in confidence in the course of an employee-employer (and subsequently independent contractor) relationship, and therefore Li and Cao owned a legal duty of confidence to maintain said information in a confidential and proprietary manner, and to not use the information for their own personal purposes.

126. Defendants Li and Cao accepted the non-trade secret proprietary information as alleged here voluntarily and for the purposes of their employment with Plaintiffs, thereby owing Plaintiffs a duty of confidence with respect to Plaintiffs' non-trade secret proprietary information.

127. Defendants Li and Cao have willfully, and in conscious disregard for their duty of confidence owed to Plaintiffs, used for their own individual and collective purposes and disclosed to others, Plaintiffs' non-trade secret proprietary information.

128. As a direct and proximate result of defendants' Li and Cao's willful, improper and unlawful use and disclosure of Plaintiffs' non-trade secret proprietary information, Plaintiffs have suffered, and will continue to suffer, great harm and damages.  Plaintiffs will continue to be irreparably damaged unless defendants Li and Cao are enjoined from further use and disclosure of Plaintiffs' non-trade secret proprietary information.

129. The aforementioned acts of defendants Li and Cao, in breaching their duty of confidence owed to Plaintiffs, were and continue to be, willful, oppressive, fraudulent and malicious, warranty an award of punitive damages, in addition to actual damages suffered by Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment in its favor against defendants for the following relief:

A. That defendants Li, Cao and Legendsec, and their employees, agents and customers, be preliminarily and permanently enjoined from, directly or indirectly, infringing in any manner on any of Plaintiffs' copyrighted materials (including the Source Code) and from disclosing any trade secret information they may have obtained, and from inducing, aiding, causing or materially contributing to such infringement, and from otherwise violating the Copyright Act, 17 U.S.C. § 501, *et seq.*; The Computer Fraud and Abuse Act, 18 U.S.C. § 1030; Title II of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, *et seq.*; and the California Comprehensive Computer Data Access and Fraud Act, Calif. Penal Code § 502;

B. That defendants Li and Cao be adjudged to have misappropriated Plaintiffs' confidential business information and/or trade secrets in violation of California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.*, and that their acts, in doing so, be adjudged willful, malicious, oppressive and done knowingly;

C. That defendants Li and Cao be adjudged to have breached their Employment Agreements with Plaintiffs and/or its wholly owned subsidiary(ies), and that their acts, in doing so, be adjudged willful, malicious, oppressive and done knowingly;

D. That defendants Li and Cao be adjudged to have breached their duty of confidence owed to Plaintiffs' under common law of the State of California, and that their acts, in doing so, be adjudged willful, malicious, oppressive and done knowingly;

E. That defendants Li and Cao be adjudged to have interfered with Plaintiffs' ownership and possessory rights to Plaintiffs' property, including Plaintiffs' non-trade secret proprietary information, without lawful justification, with every intention of exercising those rights as though they were theirs,

under the common law of the State of California, and the their acts in doing so be adjudged willful, malicious, oppressive, and done knowingly.

    F. That defendants Li and Cao be adjudged to have interfered with Plaintiffs' ownership and/or possessory rights to non-trade secret proprietary information, under the common law of the State of California, and that their acts in doing so be adjudged willful, malicious, oppressive, and done so knowingly.

    G. That Defendants Li, Cao and Legendsec be adjudged to have intentionally interfered with Plaintiffs' prospective business advantage, under common law of the State of California, and that their acts in doing so be adjudged willful, malicious, oppressive, and done so knowingly.

    H. That Defendants Li, Cao and Legendsec be adjudged to have competed unfairly with Plaintiffs', under common law of the State of California, and their acts in doing so be adjudged willful, malicious, oppressive, and done so knowingly;

    I. That Defendants Li, Cao and Legendsec be adjured to have competed unfairly with O2Micro under California Business and Professions Code § 17200, *et seq.*, and that their acts in doing so be adjudged willful, malicious, oppressive and done so knowingly;

    J. That defendants Li and Cao be adjudged to have breached the implied covenant of good faith and fair dealing, under common law of the State of California, and that their acts in doing so be adjudged oppressive, fraudulent, willful, malicious and done so knowingly;

    K. That Defendants Li, Cao and/or Legendsec, subject to proof, be adjudged to have conspired and combined with each other in the wrongful and illegal conduct described above, including their computer fraud, copyright violation, trade secret misappropriation, breach of contract, breach of confidence, conversion, trespass to chattels, trespass to property, interference, unfair competition and breach of implied covenant of good faith and fair dealing, and that their acts in doing so be adjudged willful, malicious, oppressive and done so knowingly;

    L. That defendants Li, Cao and/or Legendsec be adjudged to have been unjustly enriched, according to proof.

M. That defendants Li and Cao, their respective agents, servants, employees, employers, partners, and attorneys, and all those person in active concern or participation with them hereunder, be forthwith temporarily, preliminarily and thereafter permanently enjoined, pursuant to Federal Rule of Civil Procedure 65, and Uniform Trade Secrets Act, Cal. Civ. Code § 3426.2, to return all of O2Micro's trade secrets, and enjoined from further disclosing to any third parties any of Plaintiffs' trade secret information;

N. That Defendants Li, Cao and Legendsec be required to pay Plaintiffs statutory damages for every instance in which Plaintiffs' copyright was infringed, including, without limitation, separate damages flowing from each separate use of the Source Code without Plaintiffs' approval;

O. That Defendants Li, Cao and Legendsec be required to pay Plaintiffs' enhanced statutory damages for each instance in which Plaintiffs' copyright was willfully infringed, including, without limitation, separate damages from each separate use of the Source Code without Plaintiffs' approval;

P. That Defendants Li, Cao and Legendsec be required to pay Plaintiffs their actual damages (including lost profits or defendants profits/financial gain, where appropriate), for defendants adjudged acts above;

Q. That Defendants Li, Cao and Legendsec be required to pay Plaintiffs other damages (including lost profits or defendants profits/financial gain, where appropriate), including, without limitation, treble damages, punitive damages, and exemplary damages for defendants adjudged acts above, as provided by statute;

R. That the Court deem this case exceptional under 15 U.S.C. § 1117, or as otherwise provided by statute, and award Plaintiffs reasonable attorneys' fees; and

S. Such additional and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: September 30, 2014

    /s/ Carl Durham_____
Carl Durham, attorney for Plaintiffs
O2Micro International Ltd. &
O2Micro Inc.