UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O2MICRO, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>YUNGFENG LI, et al.,<br><br>　　　　　Defendants. | Case No.  14-cv-04478-EDL<br><br>**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE** |

　　　　This is a complaint for copyright infringement, computer fraud and abuse, breach of contract, conversion, trespass, and related claims brought by O2Micro, a California company, against two former employees and their subsequent employer for theft of trade secret source code. All of the Defendants are residents of China. The complaint was filed on October 6, 2014 and Plaintiff consented to magistrate judge jurisdiction. An initial case management conference was held on January 6, 2015 to determine the status of service of process on the Defendants.  At that time, Plaintiff stated that service would be complete within 90 days, and the Court continued the case management conference until May 2015 to allow time for service of process.

　　　　Although Plaintiff's May 5, 2015 case management conference statement represented vaguely that Plaintiff "understands that one of the Defendants has been recently served," and acknowledged that the two individual Defendants have not been served," Dkt. No. 13 at 7, more than a year later no proof of service on any Defendant has been filed and no default has been requested.

　　　　The Court set a case management conference for July 7, 2015, but Plaintiff did not appear. The Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute.  Plaintiff's counsel responded that he had mis-calendared the case management conference.  The Court excused the Order to Show Cause and set a Case Management Conference for August 11, 2015 and then continued it to September 2015.  During the September 8, 2015 case

management conference, Plaintiff stated that it had contact with the unserved defendants and was trying to settle the Chinese cases, and was waiting for the final paperwork regarding service from Chinese government. The Court then continued the case management conference several times due to Plaintiff's assurances that it was close to perfecting service through the Chinese ministry.

On April 19, 2016, the Court held a case management conference during which it informed Plaintiff's counsel that that there would be no further extensions and set a case management conference for June 7, 2016. Plaintiff did not file a statement in advance of the case management conference and failed to appear for the case management conference despite the Court's prior warnings.

The court having considered the five factors set forth in <u>Malone v. United States Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987), and having determined that notwithstanding the public policy favoring the disposition of actions on their merits, the Court's need to manage its docket and the public interest in the expeditious resolution of the litigation support dismissal of this action. In view of Plaintiff's lack of response to this Court's prior order, including most recently Plaintiff's failure to appear at the case management conference, the Court finds there is no appropriate less drastic sanction. Accordingly, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.[1] The clerk shall close the case.

**IT IS SO ORDERED.**

Dated: June 8, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] To the extent that this order is dispositive, the Court does not require the consent of Defendants because there is no proof that any Defendant has been served and therefore they are not yet parties under the meaning of 28 U.S.C. § 636(c). See <u>Ornelas v. De Frantz</u>, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing <u>Neals v. Norwood</u>, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties).